IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-20-240-F |
| | ) | |
| BOBBY CHRIS MAYES, | ) | |
| | ) | |
| Defendant. | ) | |

### MOTION TO PRODUCE DOCUMENTS BEFORE SENTENCING

Defendant, Bobby Chris Mayes ("Mr. Mayes"), by and through his counsel of record, pursuant to Rule 17(c)(1) of the Federal Rules of Criminal Procedure, respectfully requests this Court enter an Order requiring each of the lenders listed in the Indictment, including Ally Financial Inc., American Credit Acceptance, Americredit Financial Services Inc., BBVA Compass, Consumer Portfolio Services, Credit Acceptance, Crescent Bank & Trust, Encore Automotive Acceptance Corp., Exeter Finance Corporation, FinancePoint, First Investors Financial Services, Flagship Credit Acceptance, Foursight Capital LLC, Global Lending Services LLC, Globe Acceptance Inc., Kia Motors Finance, OU Federal Credit Union, Peak Acceptance LLC, Prestige Financial Services, Santander Consumer USA, Sierra Auto Finance LLC, Skopos Financial LLC, Tinker Federal Credit Union  (the "Lenders"), to produce certain records before the sentencing hearing, which is not currently scheduled. In support of this motion, Mr. Mayes submits the following:

1. Mr. Mayes was charged and convicted of 1) one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; 2) multiple counts of wire fraud, in

violation of 18 U.S.C. § 1343; 3) multiple counts of uttering forged securities, in violation of 18 U.S.C. § 513(a); and 4) multiple counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).

2. Mr. Mayes intends to introduce evidence at sentencing regarding the loss amount. In order to calculate the loss amount, however, Mr. Mayes needs certain records, attached hereto as Exhibit "1," from the Lenders related to each of the accounts identified by the government at trial ("Identified Accounts").

3. A party seeking a subpoena duces tecum under Rule 17(c) must establish: 1) the documents are evidentiary and relevant; 2) they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; 3) the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and 4) the application is made in good faith and is not intended as a general "fishing expedition." *United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (quoting *United States v. Nixon*, 418 U.S. 683, 699-700, 94 S.Ct. 3090 (1974)).

4. ***First***, the information contained in the documents Mr. Mayes is requesting is directly relevant to the loss amount calculation. For example, documents showing the current status of each of the Identified Accounts will show whether those loans are still performing; documents showing the acquisition fee on each of the Identified Accounts will show how much the Lenders received off the top of each deal; and documents showing the disposition of collateral will show how much the Lenders received upon selling the collateral, for which Mr. Mayes is entitled to a credit. *See United States v. Crowe*, 735 F.3d

1229 (10th Cir. 2013) (holding that defendant is entitled to a "credit against loss in the amount actually recovered by the banks from sale of the subject properties").

5. ***Second***, the documents are in the possession and control of the Lenders and are therefore not otherwise procurable reasonably in advance of trial.

6. ***Third***, it would be impossible for Mr. Mayes to properly prepare for sentencing without production and inspection of the requested documents in advance.

7. ***Finally***, this request is made in good faith and is not intended as a fishing expedition. Mr. Mayes' request is narrowly tailored to provide counsel with key information needed to accurately calculate the loss amount.

## RELIEF REQUESTED

WHEREFORE, for the reasons set forth herein, Mr. Mayes respectfully requests this Court enter an Order requiring the Lenders to produce the requested documents no later than January 2, 2023.

Respectfully submitted,

*/s/ Rachel N. Jordan*
Rachel N. Jordan, OBA # 32704
HB LAW PARTNERS, PLLC
4217 28th Avenue NW, Suite 101
Norman, OK 73069
Telephone - (405) 561-2410
Facsimile - (405) 563-9085 (fax)
rjordan@hblawpartners.com

*/s/ Vicki Zemp Behenna*
Vicki Zemp Behenna, OBA # 10734
Wm. Brett Behenna, OBA # 30485
BEHENNA GOERKE KRAHL & MEYER, PLLC

3

210 Park Avenue, Suite 3030
Oklahoma City, OK 73102
Telephone - (405) 232-3800
Facsimile - (405) 232-8999
vzb@lawfirmokc.com
bb@lawfirmokc.com

*/s/ William H. Bock*_____
William H. Bock, OBA # 13888
WILLIAM H. BOCK
6402 N. Santa Fe Avenue, Suite A
Oklahoma City, OK 73116
Telephone - (405) 848-5400
Facsimile - (405) 848-5479
billybock@wbocklaw.com

**Attorneys for Mr. Mayes**

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of December, 2022, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing, which will automatically send e-mail notification of such filing to all attorneys of record.

*/s/ Rachel N. Jordan*_____