# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )  Case No. CR-20-240-1-F |
| | ) |
| BOBBY CHRIS MAYES, | ) |
| | ) |
| Defendant. | ) |

## ORDER FOR HEARING

In a recent chambers conference with counsel for the government and the defendant, Bobby Chris Mayes, the court indicated its intent to release Mr. Mayes on conditions, at least temporarily, pending sentencing. As the parties and their counsel are aware, the possibility of release on conditions pending sentencing arose as a result of a serious adverse event within Mr. Mayes's family.

Soon after the court indicated its intent to release Mr. Mayes, the government filed a request for reconsideration, doc. no. 327, filed on May 5, 2023. Because of the request for reconsideration, the court has deferred entry of an order for release of Mr. Mayes. As will be set forth at the end of this order, the court intends to hold a hearing on the government's request for reconsideration. But before getting to that, the court will provide the parties some guidance in anticipation of the hearing.

The court had a hearing on the issue of Mr. Mayes's release status on December 14, 2022. The 205-page transcript of that hearing, filed on February 21, 2023, is at doc. no. 309. At the conclusion of that hearing, after making extensive findings, the court denied Mr. Mayes's motion for release on conditions.

In the present motion, the government requests a hearing and states that it intends to present witnesses with respect to four matters. Those four matters include (i) an assertion that Mr. Mayes "attempted to obtain a firearm and ultimately did obtain a firearm from Brandon Landers prior to the time that Ms. Wells and Mr. Landers fled to Mexico," and (ii) an assertion that Mr. Mayes "made statements indicating threats of violence to Andy Elliott and his family and others." Doc. no. 327, at 4.

In his response to the government's request for reconsideration, Mr. Mayes states, correctly, that these matters (as well as the other two matters on the government's list) were addressed at the December 14, 2022 hearing. Although that is an accurate statement, it is also noteworthy, for present purposes, that the court's findings at the conclusion of the December hearing included the following:

> I am not prepared to put any emphasis on or rely on evidence about the gun or intent to kill Andy Elliott. I think counsel on both sides of this case are well aware that I can be rather stiff-necked in terms of quality of evidence. And when I'm getting thirdhand evidence, even from people operating in complete good faith – when I'm getting thirdhand evidence on serious matters, I have a strong tendency to decline to take serious action based on evidence that is that far removed from the lips of a percipient witness. And so I don't have that percipient witness as to the gun or as to intent to kill Andy Elliott, and I really don't see any need to make any findings more than that in that direction.

December 14, 2022 transcript, at 201.

As can be seen, at the December hearing, the court made no finding on the issue of whether Mr. Mayes attempted to obtain a firearm or on the issue of whether he made any threats of violence. But the government has now reiterated those assertions, and it does so in a context that causes the court to conclude that those matters warrant further attention. Accordingly, the court will set the government's request for reconsideration for evidentiary hearing. This will afford the government

the opportunity to present something other than hearsay in support of its factual assertions on the issue of whether Mr. Mayes should be released pending sentencing.

The Courtroom Deputy assigned to the undersigned will be in touch with counsel with a view to scheduling the evidentiary hearing on a date between May 30 and June 6, 2023. If the hearing is held between those dates, it will be necessary for the undersigned to be present by telephone. If the defendant objects to the undersigned presiding via telephone, he shall so notify the Courtroom Deputy within three days of the date of entry of this order, in which event the hearing will be set for a later date upon which the undersigned will be available in person.

IT IS SO ORDERED this 10th day of May, 2023.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0240p107 (Mayes).docx