IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. CR-20-240-F |
| ) | |
| BOBBY CHRIS MAYES, ) | |
| ) | |
| Defendant. ) | |

## AGREEMENT CONCERNING SENTENCING

1. This Agreement Concerning Sentencing ("the Agreement") contains the entire agreement between Defendant Bobby Chris Mayes and the United States concerning matters relating to Defendant's sentencing and appeal in the above-referenced case. No other agreement or promise exists, nor may any additional agreement be entered into unless in writing and signed by all parties.[1] Any unilateral modification of this Agreement is hereby rejected by the United States.

2. Defendant was convicted following trial in the above-referenced case and is presently awaiting sentencing. The parties have now reached agreements regarding certain matters relating to that sentencing proceeding.

---

[1] Defendant, Defendant's attorney, and counsel for the United States have contemporaneously signed a Plea Agreement and Plea Supplement in Case Number CR-23-53-F, to resolve Defendant's other criminal case before this Court.

3. Defendant understands that the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining Defendant's sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offenses to which Defendant was found guilty. Defendant further understands that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 give Defendant the right to appeal the judgment and sentence imposed by the Court. Acknowledging all of this, and in exchange for the promises and concessions made by the United States in this Agreement, Defendant knowingly and voluntarily waives the following rights:

a. Defendant waives the right to appeal any aspect of Defendant's conviction, including but not limited to any rulings on pre-trial, trial, or post-trial motions or any other pre-trial, trial, or post-trial dispositions of motions and issues or any other matters relating to Defendant's guilty verdict in the above-captioned case;

b. Except as stated immediately below, Defendant waives the right to appeal Defendant's sentence, including any restitution or forfeiture awarded, and the manner in which the sentence is determined, including its procedural reasonableness. If the sentence is above the advisory Sentencing Guidelines range determined by the Court to apply to Defendant's case, this waiver does not include Defendant's right to appeal the substantive reasonableness of Defendant's sentence;

c. Defendant waives the right to collaterally challenge or move to modify (under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2), or any other ground) Defendant's conviction or sentence, including any restitution, except with respect to claims of ineffective assistance of counsel. This waiver does not include Defendant's ability to file

a motion for compassionate release (under 18 U.S.C. § 3582(c)(1)(A)(i)) to the extent such motion is based solely on "extraordinary and compelling reasons" currently listed in U.S.S.G. § 1B1.13 cmt. n.1.

    d.    Defendant acknowledges that these waivers remain in full effect and are enforceable, even if the Court rejects one or more of the positions of the United States or Defendant set forth in this Agreement.

4.    The United States agrees to waive its right under 18 U.S.C. § 3742 to appeal the sentence imposed by the Court and the manner in which the sentence was determined. However, if the sentence is below the advisory Guidelines range determined by the Court to apply in this case, this waiver does not include the right of the United States to appeal the substantive reasonableness of Defendant's sentence.

5.    With respect to the Guideline calculation, the parties agree to recommend that the Court determine the loss amount as contemplated by U.S.S.G. § 2B1.1(b)(1) by reference to the actual loss as opposed to the intended loss. The parties further stipulate and agree that the actual loss amount is between $2,321,470.00 and $2,652,283.00, which equates to a 16-level increase in the Guidelines under U.S.S.G. § 2B1.1(b)(1)(I).

6.    As set forth in the initial Presentence Investigation Report ("PSR"), the PSR writer has included a four-level adjustment under U.S.S.G. § 2B1.1(b)(17(B)(i) based on the contention by lender Peak Acceptance Corp. ("Peak") that the offense conduct "substantially jeopardized the safety and soundness of Peak." The United States understands that Peak does not wish to endure the time and expense of presenting evidence and witnesses to support this contention. Out of deference to their decision, the United

States does not have evidence to present to support this enhancement, and does not intend to present any such evidence at the sentencing hearing, and therefore anticipates conceding any objection to this four- level increase.

7. With respect to the Sentencing Guideline calculation, Defendant agrees that he does not oppose the following increases in his Guideline calculation as reflected in the PSR: (1) the two-level increase under U.S.S.G. § 2B1.1(b)(2)(A) (the offense conduct involved defrauding 30 lenders); (2) the two-level increase under U.S.S.G. § 2B1.1(b)(10)(C) (the offense involved "sophisticated means"); (3) the two-level increase under U.S.S.G. § 3B1.3 (the offense involved abuse of a position of public or private trust); and (4) the two-level increase under U.S.S.G. § 3C1.1 (obstruction of justice). In light of the foregoing stipulations in this Agreement, the parties agree that Defendant's Total Offense Level is 31, with a Criminal History Category I, for an advisory Guidelines range of 108-135 months (which does not take into account any mandatory-minimum sentence to be imposed pursuant to 18 U.S.C. § 1028A).

8. The parties further agree that the amounts of restitution owed to victims pursuant to the applicable provisions of the Mandatory Victim Restitution Act (18 U.S.C. § 3663A) are as follows:

| Lender | Amount Claimed |
|---|---|
| AFS ACCEPTANCE- CREDITO REAL USA | $15,624.51 |
| AMERICREDIT/GM FINANCIAL | $63,476.43 |
| CREDIT ACCEPTANCE | $59,194.19 |
| CRESCENT BANK | $65,578.74 |
| ENCORE | $109,938.83 |

| Lender | Amount Claimed |
|---|---|
| FOURSIGHT CAPITAL | $57,228.46 |
| FLAGSHIP CREDIT ACCEPTANCE | $156,327.08 |
| MECHANICS BANK | $6,040.85 |
| OU FEDERAL CREDIT UNION | $13,225.09 |
| PRESTIGE FINANCIAL SERVICES | $89,032.67 |
| SANTANDER CONSUMER (Gateway One) | $480,195.79 |
| EXETER | $48,020.41 |
| **TOTAL** | **$1,160,825.72** |

Defendant agrees that he will deposit the above-referenced restitution amount into one of his attorneys' client trust accounts prior to the sentencing in this matter with direction to disburse said amount as directed following the entry of a final restitution order by the Court.

9. For purposes of forfeiture as contemplated by Federal Rule of Criminal Procedure 32.2(b)(1), the parties stipulate and agree that a reasonable estimate of the profits generated from the matters alleged at trial is $1,018,322.17, and the parties stipulate and agree to the Court's entry of a money judgment in that amount against Defendant.

10. Defendant knowingly and voluntarily waives Defendant's right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding, and further waives any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture or disposition of assets by the United States, the State of Oklahoma, or its subdivisions. Defendant knowingly and

voluntarily consents to the entry of a final order of forfeiture before sentencing as to Defendant's interest in the assets. Forfeiture of Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Defendant in addition to forfeiture.

11.   Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with the forfeiture provided for herein. Defendant waives Defendant's right to notice of any forfeiture proceeding and agrees not to file a claim to the above-listed property or property involved in the underlying criminal conduct, or otherwise contest forfeiture in any civil, administrative, or judicial proceeding that may be initiated. Defendant further agrees not to assist others in filing a claim in a forfeiture proceeding or otherwise assist others who challenge a forfeiture action involving the above-listed property or property involved in the underlying criminal conduct. Defendant also voluntarily and immediately waives all right, title, and interest in and to the above-listed property in order that appropriate disposition may be made by the appropriate federal or state law enforcement agency.

12.   The United States Attorney's Office for the Western District of Oklahoma agrees not to further prosecute Defendant for any crimes related to Defendant's participation in any fraudulent activity relating to the matters alleged in Case No. CR-20-240-F, including any claims for wire fraud, bank fraud, and aggravated identity theft from 2012 through November 2021.

13. Except as expressly set forth above, the parties agree that there are no other stipulations or agreements in relation to Case No. CR-20-240-F, and reserve the right to advocate for any other adjustments in the Guidelines or in any ultimate sentence as deemed appropriate.

Dated this 5 day of JUNE, 2023.

APPROVED:

_____
CHRIS M. STEPHENS
Chief, Criminal Division

ROBERT J. TROESTER
United States Attorney

_____
THOMAS B. SNYDER
Assistant U.S. Attorney
Western District of Oklahoma
210 Park Avenue, Ste. 400
Oklahoma City, Oklahoma 73102
(405) 553-8827 (Office)
(405) 553-8888 (FAX)

_____
BOBBY CHRIS MAYES

_____
BILL ZUHDI
Attorney for Defendant