# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| -vs- ) | Case No. CR-20-240-F |
| ) | |
| ) | |
| **BOBBY CHRIS MAYES,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Defendant Bobby Chris Mayes has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, doc. no. 401, based on allegations of ineffective assistance of counsel. The government requests the Court issue an order finding that defendant has waived his attorney-client privilege so that counsel for the United States can question defendant's counsel about defendant's allegations and obtain responsive affidavits. The Tenth Circuit has recognized that a party "[who] claims ineffective assistance of counsel . . . impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim." United States v. Pinson, 584 F.3d 972, 978 (10th Cir. 2009). Defendant does not object to the motion. Doc. no. 431.

Accordingly, the Government's Motion for Order Finding that Defendant Has Waived Attorney-Client Privilege, doc. no. 429, is **GRANTED**. This waiver includes, without limitation, authorization of defendant's counsel of record in this case (all persons so shown by the docket in this case) to communicate with government counsel or their representatives formally or informally, orally or in

writing, and to provide documents relevant to their representation of defendant, as well as such affidavits, declarations or sworn statements as may be necessary to provide to the court, in this § 2255 proceeding, the facts relevant to their representation of defendant.

As set forth in the minute order at doc. no. 430, the government's response to the defendant's § 2255 motion is due not later than 21 days from this date.

IT IS SO ORDERED this 17th day of June, 2025.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0240p140.PO (Mayes).docx