IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-20-240-F |
| ) | |
| BOBBY CHRIS MAYES, ) | |
| ) | |
| Defendant. ) | |

# ORDER

The court has carefully reviewed the filings relevant to the § 2255 motion filed by defendant Mayes (movant). The record discloses a number of fact issues relevant to the merits of the motion. Some issues are antecedent to others, with the result that some issues could be rendered moot by the court's determination of other issues. However, the court's intent, in ruling on the motion, will be to address the issues comprehensively, for the benefit of the parties and a reviewing court.

*By way of example only*, there are issues as to such matters as:

- The timing and circumstances of the creation of the handwritten notes referred to in Grounds 1 and 2 (*e.g.*, representing Elliott's true thoughts and recollection, or concocted for purposes of deception).

- The chain of possession (with dates) of the handwritten notes referred to in Grounds 1 and 2.

- The substance of conversations between movant and his counsel, before and during trial, relating to those notes.

- The strategy of movant's trial counsel, relating to use or non-use of the notes at trial.

- The existence (and, if it exists, the content) of any "handwritten letter" (Ground 3), as referenced by Elliott on p. 520 of the trial transcript.

- The government's knowledge of such a letter, if it exists.
- The significance of such a letter, if it exists.

The court has accordingly concluded that the fair and just resolution of the issues presented by the pending § 2255 motion will require an evidentiary hearing. *See*, Rule 8(a), Rules Governing Section 2255 Proceedings. In the court's view, the law governing this motion (consisting for the most part of the application of Strickland and its progeny) is not very complicated. For that reason, it is entirely possible that the court will make its findings of fact, and a dispositive ruling, from the bench after the conclusion of the evidentiary hearing. Bearing that in mind, the court anticipates establishing a schedule for trial preparation consisting of the following sequence of pretrial activities:

1. Movant to file his list of exhibits[1] and witnesses.[2]
2. Government to file its list of exhibits and witnesses.
3. Movant to file his proposed findings of fact and conclusions of law (not to exceed 25 pages, with more attention to the facts than to the law).[3]
4. Government to file its proposed findings of fact and conclusions of law (not to exceed 25 pages, with more attention to the facts than to the law).
5. Parties to file a joint statement of facts not in controversy, signed by counsel for the government and the movant.
6. Parties to each deliver <u>two</u> bench copies of their exhibits to the Courtroom Deputy.

---

[1] The entire transcript of the deposition of Andrew Elliott is in the record. Doc. no. 422-1. The court considers that transcript to be in the record for all purposes, so a copy of that transcript need not be listed or offered in evidence at the evidentiary hearing.

[2] The court, by this note, advises both parties that it does not encourage the calling of retained expert witnesses as to issues relating to trial strategy at the jury trial that was held in this case in November, 2021. The undersigned judge observed the entire trial and considers himself competent, on the basis of 53 years of trial practice, to evaluate contentions relating to trial strategy.

[3] Concurrently with this filing, movant shall send to the orders inbox of the undersigned judge an MS Word version of this filing. The government shall do the same when it files its proposed findings and conclusions.

It is accordingly **ORDERED** as follows:

The Courtroom Deputy is directed to consult with counsel with a view to establishing a workable trial date. (Three days should be allotted for the trial. The court certainly does not anticipate that the evidentiary presentations will need more than two days, but the court desires to allow time for consideration of the issues and, possibly, findings and disposition from the bench.)

Once a trial date is established, counsel shall collaborate with each other to arrive at an agreed schedule of the pretrial events listed above, subject to the following requirements: Item 3, above (filing of movant's proposed findings and conclusions), must be scheduled to occur on a date not less than 30 days before the date set for the evidentiary hearing. Item 4 must be scheduled to occur on a date not less than 15 days before the date set for the evidentiary hearing. Item 5 must be scheduled to occur on a date not less than ten days before the date set for the evidentiary hearing. Item 6 must be scheduled to occur on a date not less than three days before the date set for the evidentiary hearing. (It may save time for the collaboration called for in this paragraph and the consultation called for in the preceding paragraph to occur at the same time and place. The Courtroom Deputy is available to meet in chambers with counsel for that purpose.)

DATED this 23rd day of October, 2025.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0240p146 (Mayes).docx